IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN HUGHES, | § | |
| | § | |
| Defendant Below, | § | No. 128, 2019 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. I.D. No. 0910015443 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: April 5, 2019
Decided: April 15, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On March 20, 2019, the appellant, Steven Hughes, filed a notice of appeal from a Superior Court order dated January 31, 2019 and docketed on February 1, 2019 denying his motion for sentence modification.  Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before March 4, 2019.

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)     On March 21, 2019, the Clerk issued a notice directing Hughes to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Hughes attributes the untimeliness of his notice of appeal to his status as an incarcerated, *pro se* litigant and his unfamiliarity with the legal system and the procedures for taking an appeal.

(4)     Hughes's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's *pro se*, incarcerated status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Because the record does not reflect that Hughes's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] DEL. SUPR. CT. R. 10(a).
[4] *Mathis v. State*, 2018 WL 3060215 (Del. June 19, 2018) (citing *Smith v. State*, 47 A.3d 481 (Del. 2012)).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b),

that the appeal is DISMISSED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice